IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

|                          |                                          |
|--------------------------|------------------------------------------|
|                          | Case No.  5:10-CR-203 (DNH)              |
| v.                       |                                          |
|                          | GOVERNMENT'S SENTENCING                  |
| ANTHONY COFFIN,          | MEMORANDUM                               |
|                          |                                          |
|           Defendant.     |                                          |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a sentence of within the defendant's advisory Guidelines range, and, if a Guidelines sentence is imposed, a term of supervised release of no less than 25 years.

# I

## INTRODUCTION

On July 14, 2010 defendant ANTHONY COFFIN entered a guilty plea to a three count Information charging him with (1) using a facility and means of interstate and foreign commerce to knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to wit: a person he believed to be a 14 year old female child, to engage in any sexual activity for which any person could be charged with a criminal offense, in violation of Title 18,

United States Code, Section 2422(b); (2) knowingly receiving child pornography that, using a means and facility of interstate and foreign commerce, had been transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2)(A); and (3) knowingly possessing, attempting to possess, and accessing with intent to view, child pornography that had been transported using any means of interstate and foreign commerce and in and affecting such commerce, and that was produced using materials which have been so transported, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B).

COFFIN is scheduled to be sentenced November 23, 2010.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

The defendant's conviction on Count 1 subjects him to a statutory minimum term of imprisonment of 10 years, and a statutory maximum term of life.  18 U.S.C. §2422(b).  His conviction on Count 2 subjects him to a statutory minimum term of 5 years, and maximum term of 20 years imprisonment.  18 U.S.C. §2252A(b)(1).  His conviction on Count 3 subjects him to a statutory maximum term of 10 years imprisonment. 18 U.S.C. §2252A(b)(2).  Each count carries with it a mandatory term of supervised release of at least 5 years, and up to life.  18 U.S.C. §3583(k)

**2.      Guidelines Provisions**

**a.      Offense Level**

The Government adopts, in all respects, the Guidelines calculations as set forth in the Addendum to the PSR, filed on November 2, 2010, resulting in a total offense level of 37.

**b.**     **Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a).  PSR¶16, PSR November 2, 2010 Addendum.  The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. §3E1.1(b) to credit the defendant for having "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *Id.*  However, the Government rejects the defendant's characterization of having been "persuaded" to have a relationship with the fictional 14 year old girl charged in Count 1. PSR ¶16.  As his correspondence with the undercover makes clear, COFFIN never hesitated about having a relationship with the child, was graphically descriptive about the sexual activity he was interested in, and repeatedly stated how excited he was about it.  PSR ¶8.

**c.**     **Criminal History Category**

According to the Addendum to the PSR, if the defendant's offenses are re-calculated as set forth therein, the defendant's criminal history category is I.  PSR Addendum.  The government agrees with this determination of the defendant's criminal history category.

**d.**     **Guidelines Range and Sentence**

As described above, the Government maintains that the calculations in the Addendum to the PSR are the correct calculations, and accordingly, defendant's total offense level is 37 and his criminal history category is I.  As a result, the Sentencing Guidelines advise that the defendant receive a sentence of from 210 to 262 months imprisonment; and a fine of from $17,500 to $175,000.  PSR Addendum, and PSR ¶80.  The Guidelines and statutory term of supervised release

on each count is no less than 5 years, and up to Life.  PSR  ¶¶74, 75.

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION** [1]

Based on all of the information before the Court, and the reasons set forth below, the

Government respectfully requests that the Court impose a Guidelines sentence.  Given the

defendant's history of sexually abusing a minor, and the facts surrounding the commission of the

instant offenses, the Government maintains that a Guidelines sentence is sufficient, but not greater

than necessary to comply with the sentencing purposes in 18 U.S.C. §3553(a)(2), and is justified, and

warranted.[2]

Although ANTHONY COFFIN has no recorded criminal history prior to his arrest in this

matter, as a result of the instant investigation it was learned that his lack of criminal record was due

only to the fact that his earlier abuse of a child had gone unreported.  PSR ¶47. COFFIN now stands

before this Court not only to be sentenced for his attempt to entice a 14 year old girl into an unlawful

sexual relationship, and for his receipt and possession of child pornography, but with a criminal

conviction, and 10 year sentence, for Criminal Sexual Act in the First Degree, as a result of his

---

[1] The Government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See*  Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

[2] The Government agrees with the Probation Officer's conclusion that COFFIN does not have the ability to pay a fine.  PSR ¶¶67, 68.

sodomy of an 8 or 9 year old girl he was babysitting sometime between 2006 and 2008.  PSR ¶47.

Although the defendant now recants his admission to that offense, the fact is that he has in fact been

convicted and sentenced for it.  *Id*.

Furthermore, the defendant's enticement crime, Count 1 of the Information, came as a result

of an undercover operation after the defendant's Internet posting on Craigslist was observed by a

citizen and reported to the police.  PSR ¶7.  In this posting, the defendant put out on the Internet four

images of himself - one of his face, and three of his erect penis, with the statement that he was

"looking to have sex with a female of 'any age any race or any size.'"  *Id*.  The only thing COFFIN

was concerned about when a 14 year old girl (who was really an undercover officer) answered his

ad was that she was "real," and that he did not get in trouble for having sex with a minor.  PSR ¶8.

All of the explicit sexual details of what would happen between the two when they met came from

COFFIN.  *Id.*

In making its recommendation, the Government is mindful that in *United States v.*

*Dorvee*,616 F.3d 174, 188 (2d Cir. 2010 ) the Second Circuit concluded that the child pornography

Guideline found at U.S.S.G. §2G2.2 is "an eccentric Guideline of highly unusual provenance which,

unless carefully applied, can easily generate unreasonable results."  However, *Dorvee* is

distinguishable from COFFIN, whose offenses also include the enticement charge in Count 1, and

the history and conviction for the oral sodomy of a young child.  PSR ¶47.

In *Dorvee*, the Court of Appeals was "troubled by the district court's apparent assumption that

Dorvee was likely to actually sexually assault a child, a view unsupported by the record evidence yet

one that plainly motivated the court's perceived need 'to protect the public from further crimes of

the defendant.'"  Here, unlike *Dorvee*, it is not possible to place "unreasonable weight" on the need

to protect the public from further crimes likely to be committed by COFFIN.  The defendant not only has a record of committing a sex offense against a child, but he was caught here clearly trying to commit yet another such crime, thereby demonstrating a pressing need to protect the public - more specifically, children - from him.  18 U.S.C. §3553(a)(1)(C).

While COFFIN may have in the past been classified as mentally retarded, PSR ¶57, and even assuming that he continues to function with that disability, it has not stopped him from committing sex offenses.  Moreover, COFFIN was not only able to converse with the undercover officer over the Internet, but he possessed the sophistication to post his original Craigslist ad, including the uploading of digital images of himself, and he also was sophisticated enough to take and attach a digital image of his erect penis to an email message sent to the undercover officer.  PSR ¶8.  Furthermore, it is clear that COFFIN knew that what he was proposing to do was wrong:

COFFIN:     o ok thats cool angel i am glad that u told me u were 14 **age dose not matter to me as long as i do not get into any troumble for it** i would love to meet with u sometime and mybe me and u could have some fun and see where it gose

\*          \*          \*

COFFIN:     so how have everything been with u lately angel i am hoping that u are doing ok with school and stuff i would like to know what u think about my pics and if u are ok with my age with me being 30yo because **like i said age dose not matter with me i also went to do soming with a way younger girl but never had and i am just scared to death about going to jail for it** so i am hoping that if we did do soming i would not tell anyone because i would love to teach u things and stuff ok so i am just hoping to hear back from u soon ok thanks anthony

PSR ¶8 (emphasis added).

Clearly, but for the astute intervention of a concerned citizen, COFFIN's ad would have remained out there with the all too real possibility that he would have attracted and abused a real minor.  He took every step here to make that happen - showing up at the date, time, and place,

**Page 6**

arranged to meet the fictional child.  PSR ¶9.

For all of these reasons, the Government maintains that a Guidelines sentence, and a term of supervised release of no less than 25 years, will achieve the objectives of §3553(a), and is reasonable and warranted under the specific facts of this case.  Should the Court nevertheless impose a non-Guidelines sentence, the Government would request that in order to ensure the protection of the public for as long as possible the term of supervised release imposed increase commensurate with the reduction in imprisonment, up to at term of life.

Respectfully submitted this 2ND day of November, 2010.

RICHARD S. HARTUNIAN
United States Attorney

 /s/
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                                                     Criminal Action No.
          v.                           5:10-CR-203 (DNH)

ANTHONY COFFIN,

                      Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CERTIFICATE OF SERVICE**

I hereby certify that on November  2,  2010, I electronically filed the **GOVERNMENT'S**

**SENTENCING MEMORANDUM** with the Clerk of the District Court using the CM/ECF system.

Melissa Tuohey, Esq.

                                       /s/
                                       Tayler Robinson